Craig Sanders (CA SBN 284397)
  csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILA,<br><br>Plaintiff,<br><br>v.<br><br>OUTKICK MEDIA LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR:**<br>(1) **Copyright Infringement under 17 U.S.C §501**<br><br>(2) **Violation of the Digital Millennium Copyright Act, 17 U.S.C. §1202(b)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARLOS VILA ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant OUTKICK MEDIA LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C. § 501 and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §§ 1202 (a) & (b).

2. Plaintiff created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.outkick.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Carlos Vila is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

6. Upon information and belief, defendant Outkick Media LLC, is a Tennessee Limited Liability Company with a principal place of business in Los Angeles County, California at 10201 W Pico Blvd, Los Angeles, California 90035.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A. Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the

United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Plaintiff's photographs are distributed through The Image Direct, a third-party photo agency.

15. On January 8, 2023, Plaintiff created a photograph of Emily Ratajkowski and Eric Andre ("*Photograph 1*"). A copy of Photograph 1 is attached hereto as part of Exhibit 1.

16. On January 9, 2023, The Image Direct, on behalf of Plaintiff, commercially licensed Photograph 1 to Daily Mail for the purpose of display on an online article titled "EXCLUSIVE: Go girl! Emily Ratajkowski continues her dating hot streak with comedian Eric Andre on intimate night out... after romancing Pete Davidson, Jack Greer, and DJ Orazio Rispo."

17. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

18. On April 7, 2023, Photograph 1 was registered by the USCO under Registration No. VA 2-347-193.

19. Plaintiff created Photograph 1 for celebrity gossip and news reporting purposes with the intention of it being used commercially.

20. On January 8, 2023, Plaintiff created another photograph of Emily Ratajkowski and Eric Andre ("*Photograph 2*"). A copy of Photograph 2 is attached hereto as part of Exhibit 1.

21. On January 9, 2023, The Image Direct, on behalf of Plaintiff, commercially licensed Photograph 2 to Daily Mail for the purpose of display on the

aforementioned online article titled "EXCLUSIVE: Go girl! Emily Ratajkowski continues her dating hot streak with comedian Eric Andre on intimate night out... after romancing Pete Davidson, Jack Greer, and DJ Orazio Rispo."

22. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

23. On April 7, 2023, Photograph 2 was registered by the USCO under Registration No. VA 2-347-193.

24. Plaintiff created Photograph 2 for celebrity gossip and news reporting purposes with the intention of it being used commercially.

25. On January 8, 2023, Plaintiff created another photograph of Emily Ratajkowski and Eric Andre ("*Photograph 3*") (Photograph 1, Photograph 2 and Photograph 3 are referred to throughout the balance of this Complaint as the "*Photographs*"). A copy of Photograph 3 is attached hereto as part of Exhibit 1.

26. On January 9, 2023, The Image Direct, on behalf of Plaintiff, commercially licensed Photograph 3 to Daily Mail for the purpose of display on an online article titled "EXCLUSIVE: Go girl! Emily Ratajkowski continues her dating hot streak with comedian Eric Andre on intimate night out... after romancing Pete Davidson, Jack Greer, and DJ Orazio Rispo."

27. In creating Photograph 3, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

28. On April 7, 2023, Photograph 3 was registered by the USCO under Registration No. VA 2-347-193.

29. Plaintiff created Photograph 3 for celebrity gossip and news reporting purposes with the intention of it being used commercially.

B. **Defendant's Infringing Activity**

30. Defendant is the registered owner of the Website and is responsible for its content.

31. Defendant is the operator of the Website and is responsible for its content.

32. The Website is a key component of Defendant's popular commercial enterprise.

33. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

34. On or about January 10, 2023, Defendant displayed Photograph 1 on the Website as part of an online article at URL https://www.outkick.com/supermodel-emily-ratajkowski-is-dating-who-meet-latest-beau-eric-andre/ ("*Infringement 1*"). A copy of a screengrab of the Website including Photograph 1 is attached hereto in Exhibit 2.

35. Photograph 1 was stored at URL: https://images.outkick.com/static.outkick.com/www.outkick.com/content/uploads/2024/01/668/376/Untitled-design-33-832x1024.png?ve=1&tl=1.

36. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

37. On or about January 10, 2023, Defendant displayed Photograph 2 on the Website as part of an online article at URL https://www.outkick.com/supermodel-emily-ratajkowski-is-dating-who-meet-latest-beau-eric-andre/ ("*Infringement 2*"). A copy of a screengrab of the Website including Photograph 2 is attached hereto in Exhibit 2.

38. Photograph 2 was stored at URL:

https://images.outkick.com/static.outkick.com/www.outkick.com/content/uploads/2024/01/668/376/Untitled-design-38-832x1024.jpg?ve=1&tl=1.

39. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on the Website.

40. On or about January 10, 2023, Defendant displayed Photograph 3 on the Website as part of an online article at URL https://www.outkick.com/supermodel-emily-ratajkowski-is-dating-who-meet-latest-beau-eric-andre/ ("*Infringement 3*"). A copy of a screengrab of the Website including Photograph 3 is attached hereto in Exhibit 2.

41. Photograph 3 was stored at URL: https://images.outkick.com/static.outkick.com/www.outkick.com/content/uploads/2024/01/668/376/Untitled-design-39-832x1024.jpg?ve=1&tl=1.

42. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 3 on the Website.

43. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

44. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific Infringements.

45. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

46.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

47.     Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Alejandro Avila whose X profile at URL https://twitter.com/alejandroaveela?lang=en lists him as a longtime writer at Defendant's company (the "*Employee*").

48.     Upon information and belief, at all material times the Employee was acting under the direction of the Defendant, within the course and scope of his employment, and in furtherance of Defendant's business when he posted the Infringements.

49.     Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

50.     Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

51.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

52.     Upon information and belief, Defendant is a serial infringer who cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

53.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

54. Upon information and belief, the Photographs are readily identifiable as copyright protected as they contain TheImageDirect.com watermark on the Photographs, thereby making Defendant's Infringements willful as a matter of law.

55. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

56. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

57. Upon information and belief, Defendant monitors the content on its Website.

58. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

59. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its revenues.

60. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

61. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62. Defendant's use of the Photographs harmed the actual market for the Photograph.

63. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photograph.

64. On January 3, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

65. Despite Plaintiff's efforts and willingness to address Defendant's

infringing activity the parties have yet to resolve the instant matter, forcing Plaintiff to seek judicial intervention for Defendant's infringing activity.

66. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's works thereby establishing the willful nature of its conduct.

67. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

68. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

69. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

70. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

71. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

72. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

73. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

74. Upon information and belief, Defendant willfully infringed upon

Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Website.

75. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven at trial or, in the alternative, at Plaintiff's election, an award for the maximum statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

76. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

77. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Vicarious Copyright Infringements)*

78. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

79. Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, members, and/or customers, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

80. For example, upon information and belief, Defendant had the practical ability to police the images on the Website when its employees edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the Infringements.

81. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant's members have continued to infringe upon Plaintiff's Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

82. Defendant enjoyed a direct financial benefit from the Infringements of its members, employees, and agents from, *inter alia*, advertising revenue from the increased traffic to its Website and from the increase in fees paid by sponsors.

83. Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Photographs to increase user traffic to the Website, thereby increasing advertising revenue.

84. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct Infringements while declining to exercise a right to stop or limit it.

85. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

86. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven at trial or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

87. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

88. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyrights pursuant to 17 U.S.C. § 502.

## THIRD COUNT
### *(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

89. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

90. Plaintiff's Photographs Nos. 1 and 2, as originally published by the Daily Mail at the URL https://www.dailymail.co.uk/tvshowbiz/article-11615593/Emily-Ratajkowski-continues-dating-hot-streak-wraps-arm-comedian-Eric-Andre-date-night.html, credit TheImageDirect.com as the managing agency of the Photographs. Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). True and correct copies of screengrabs of the Original Source page are attached hereto as Exhibit 3.

91. Defendant knowingly falsified, altered, and/or removed Photographs' CMI with intent to conceal the Infringements.

92. Defendant wrongly credited TMZ instead of TheImageDirect.com or Plaintiff.

93. Defendant distributed the Infringements without the appropriate CMI, as there was no credit provided to TheImageDirect.com or Plaintiff upon Defendant's display of the Photograph on the Website.

94. Upon information and belief, Defendant's distribution of containing the Photograph was done with actual knowledge that the appropriate CMI was removed

and/or altered without Plaintiff's permission.

95. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the miscredited Photographs would conceal the Infringements.

96. Upon information and belief, in addition to removing the appropriate CMI, Defendant also removed the metadata from the Photograph.

97. Defendant's conduct violates 17 U.S.C. § 1202(b).

98. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

99. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

100. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

101. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent in violation of 17 U.S.C. §501 *et seq.*, and has violated the DMCA under 17 U.S.C.

§1202(b), and therefore award damages and monetary relief as follows:

    a.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven at trial or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    b.    for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: March 18, 2024

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129242

*Attorneys for Plaintiff*